IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

ASHLEY R. BERKEN,
2460 Bangs Street
Marinette, WI 54143

      Plaintiff,

  v.

ST. JOHN PAUL II CATHOLIC ACADEMY
2701 17th Street
Menominee, MI 49858

and

ROMAN CATHOLIC DIOCESE OF MARQUETTE, MICHIGAN
1004 Harbor Hills Drive
Marquette, MI 49855

      Defendants.

Case No.: 21-cv-248

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff, Ashley R. Berken, through her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather, for her Complaint against Defendants, St. John Paul II Catholic Academy and the Roman Catholic Diocese of Marquette, Michigan, states as follows:

### INTRODUCTION

1. Ashley Berken brings this civil action against her former employer, St. John Paul II Catholic Academy ("SJPII"), a private parochial school located in

Michigan, for discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964.

2. In March 2021, SJPII fired Ms. Berken after three years of employment as an Administrative Assistant because she refused to sign a contract prohibiting her from engaging in a same-sex relationship. Upon learning that she is a homosexual woman, SJPII sent three men to pressure Ms. Berken to leave her female partner, refrain from acting on homosexual feelings, and "live chastely." After reiterating the Catholic Church's stance that homosexuality is both unnatural and contrary to the Church's teachings, they urged her to sign a contract stating "in both personal and professional life" she would "not teach, advocate, model, or in any way encourage beliefs or behaviors that are contrary to the teachings of the Catholic Church." Ms. Berken refused to sign the contract. In response, the SJPII fired her in violation Title VII of the Civil Rights Act of 1964, which prohibits covered employers from "fail[ing] or refus[ing] to hire or to discharge any individual. . .because of such individual's . . . sex..." 42 U.S.C. § 2000e-2(a)(1).

3. The next month, Ms. Berken filed a charge of discrimination with the Equal Employment Opportunity Commission. SJPII erroneously insisted that Ms. Berken's employment fell outside of Title VII's protections under the "Ministerial Exception." It squarely does not. As such, Ms. Berken brings her claim to this Court for redress.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

5. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391 because Defendants conduct business in this District and because substantial parts of the events or omissions giving rise to the claims occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2021.

7. The EEOC issued a Dismissal and Notice of Rights to Plaintiff on September 28, 2021. This action is brought within ninety (90) days after Plaintiff's receipt of said Notice. A true and correct copy of the Dismissal and Notice of Rights is attached hereto as **Exhibit A**.

## PARTIES

8. Plaintiff, Ashley Berken ("Ms. Berken"), is an adult citizen of the State of Wisconsin, who resides at 2460 Bangs Street, Marinette, Wisconsin 54143.

9. From June 18, 2018, until March 12, 2021, Defendant, St. John Paul II Catholic Academy, employed Ms. Berken as an Administrative Assistant.

10. Defendant St. John Paul II Catholic Academy ("SJPII") is a co-educational parochial school of students from kindergarten through grade eight.

Its principal place of business is in Menominee, Michigan. SJPII is an employer within the meaning of 42 U.S.C. § 2000e(b).

11. Defendant Roman Catholic Diocese of Marquette ("Diocese") is the Roman Catholic Diocese encompassing the Upper Peninsula in the state of Michigan; its business address is 1004 Harbor Hills Drive, Marquette, Michigan 49855.

12. The Diocese is liable for the acts of its employees, agents, and independent contractors, under theories of respondeat superior, agency, and vicarious liability, respectively.

## FACTUAL ALLEGATIONS

13. From June 18, 2018, to March 12, 2021, St. John Paul II Catholic Academy employed Plaintiff as a part-time Administrative Assistant. Plaintiff maintained a high level of performance and a clean disciplinary record. Her duties included answering phones, responding to emails, scheduling, filing documents, and assisting with various administrative tasks.

14. Plaintiff is a mother of three children who were students at SJPII during her employment. When SJPII hired Plaintiff, she was married to her children's' father.

15. In October 2020, Plaintiff separated from her husband and shortly thereafter filed for divorce.

16. On March 7, 2021, Plaintiff posted on her personal Facebook page:

> "As of now, I have bought and moved into my own adorable house and, for quite some time now, have been in a relationship with someone who has reintroduced me to who I really am. She has taught me how to live my truth and be myself. She has never once pressed me or even asked me to announce

this publicly, which, of course, makes me love her even more. She is laughter and happiness and a love so deep I can't even begin to describe it. Yes…SHE."

17. Two days later, on Monday, March 9, 2021, around 8:30 a.m., SJPII Principal Michael Muhs ("Mr. Muhs") pulled Plaintiff into his office to discuss her Facebook post. Mr. Muhs handed Plaintiff a print-out of the Catholic Church's stance that homosexuality is contrary to natural law and that homosexual feelings must be resisted.

18. During this conversation, Plaintiff asked whether her job was in jeopardy. Mr. Muhs assured Plaintiff she would not be terminated as a result of her homosexuality.

19. Mr. Muhs called the Pastoral Delegate, Brian Gerber ("Fr. Gerber"), to speak with Plaintiff. Fr. Gerber told Plaintiff that she would not be fired, but she needed to "keep it quiet." In the course of the meeting, Fr. Gerber told Plaintiff that she could feel same-sex attraction but "maintain healthy good friendships." In other words, she would lose her job if she lived as a homosexual.

20. On March 10, 2021, Fr. Gerber and another priest, Jamie Ziminski ("Fr. Ziminski"), told Plaintiff she could remain employed by SJPII as long as she was willing to sign a contract that she would not be romantically or sexually involved with a woman. Frs. Gerber and Ziminski reiterated that according to the Catholic Catechism, homosexual acts are contrary to natural law, and those experiencing same-sex attraction are called to refrain from acting on those feelings, to offer them as a cross in prayer, and to live chastely.

21. The contract stipulates that "in both personal and professional life" she would "not teach, advocate, model, or in any way encourage beliefs or behaviors that are contrary to the teachings of the Catholic Church," adding that "[t]he teachings of the Church regarding same-sex activity ha[d] been explained to [her.]" **Exhibit B.**

22. Plaintiff refused to sign the contract.

23. On March 11, 2021, Mr. Muhs told Plaintiff she must sign the contract and refrain from any same-sex relationships or lose her job.

24. On March 12, 2021, Plaintiff again refused the contract.

25. That same day, Mr. Muhs terminated Plaintiff's employment because she is a homosexual woman who refused to pretend otherwise.

## PLAINTIFF'S FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

26. Plaintiff re-alleges and incorporates herein the above paragraphs.

27. Plaintiff was qualified for the position of Administrative Assistant.

28. Defendants terminated Plaintiff because she announced that she was in love with a same-sex partner.

29. Defendants terminated Plaintiff because she is a woman who intended to, and did, enter into a same-sex relationship with another woman.

30. Defendants terminated Plaintiff because she is associated with another woman.

31. Defendants terminated Plaintiff because she does not conform to sex-based stereotypes associated with women in our society.

32. Defendants violated Plaintiff's civil rights when they subjected her to discrimination on the basis of her sex.

33. Defendants' unlawful employment actions were intentional.

34. Defendants' unlawful employment actions were taken either with malice or with reckless indifference to Plaintiff's rights under the law.

35. Plaintiff sustained damages as a result of the violation of her civil rights as set forth above.

### PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: RETALIATION FOR OPPOSING A PRACTICE MADE UNLAWFUL BY TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

36. Plaintiff re-alleges and incorporates herein the above paragraphs.

37. Defendants retaliated against Plaintiff when they terminated her employment because of her opposition to discrimination in violation of Title VII of the Civil Rights Act of 1964.

38. But for Plaintiff's opposition to Defendant's discrimination, she would not have been terminated.

39. Plaintiff sustained damages as a result of Defendants' retaliation against her for opposing Defendants' violations of Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff, Ashley Berken, respectfully requests judgment against Defendants, St. John Paul II Catholic Academy and the Roman Catholic Diocese of Marquette, Michigan, and prays for the following relief:

  A. Appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, rightful reinstatement and/or front pay;

  B. Compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation to be determined at trial;

  C. Compensation for punitive damages for the Defendants' malicious and reckless conduct described above in an amount to be determined at trial;

  D. Grant such further relief as the Court deems necessary and proper in the public interest; and

  E. An award of reasonable attorney's fees and costs.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all questions of fact and law raised by her complaint.

Dated this 21st day of December, 2021.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Ashley Berken*

        By:   */s/Nicholas E. Fairweather*
        Nicholas E. Fairweather, WI State Bar No. 1036681
        Email: nfairweather@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236